[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Paul Falco seeks damages under General Statutes 49-51(a) from Huckabee Plumbing Service for the latter's failure to release a mechanic's lien. The request for damages arises in connection with Falco's application for discharge of mechanic's lien, which application was served and filed in court immediately after Huckabee released the lien.[1] Falco claims he is entitled to damages under 49-51(a) because the lien was invalid and was not released within thirty days of a written request to release. Huckabee, on the other hand, claims an award of damages would be inappropriate since the lien was released before the application to discharge was served on Huckabee and filed in court. Huckabee also claims it acted with just cause when it filed the certificate of lien. For the reasons stated below, I have denied the request for an award of damages.
General Statutes 49-51(a) sets forth a procedure whereby a person whose property is encumbered by an invalid lien can give written notice to the lienor requesting discharge of the lien. If the lienor fails to discharge the lien within thirty days after the notice is given, the property owner may apply to the Superior Court for the discharge of the lien. If the court adjudicates the lien to be invalid, the court may award damages for the failure of the lienor to discharge the lien.
An award of damages is discretionary. The court must, however, first adjudicate the lien invalid and then conclude the lienor acted without just cause. "Just cause" implies a reasonable ground for engaging in a course of conduct as distinguished from a frivolous or incompetent ground. See Cassella v. Civil Service Commission, 202 Conn. 28, 37 (1987); Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475
(1980). The facts of this case do not support a conclusion that Huckabee acted without just cause.
Huckabee performed services for Falco until July 18, 1989. Approximately seven months later, on February 6, 1990, Huckabee filed a certificate of lien in order to secure a claim based on an outstanding bill for $1,481.17. Because General Statutes49-34 requires the lienor to file the certificate on the land records within ninety days after the lienor has ceased work, CT Page 3632 Huckabee's lien was invalid for failing to meet the time requirement.
Other than the inadequacies in the lien, there is no evidence that Huckabee acted without just cause. The fact that a lien is invalid does not automatically call for a conclusion that the lienor acted without just cause. There is no evidence that the lienor acted frivolously. The evidence shows that the lienor had a good faith belief in his claim and that there was a reasonable basis for such belief. Since there was a bona fide dispute between the parties, I conclude that the lienor acted with just cause even though the certificate of lien was inadequate.
Huckabee also contends that the court cannot award damages since the lien was released prior to the time the property owner sought the court's assistance. Certainly, this is a factor for the court to consider in deciding whether to award damages. Falco requested release of the lien on July 24, 1990. He first gave proper statutory notice on October 31, 1990. Although Falco could have filed an application for discharge of the lien at any time, he waited until March 9, 1991, to do so. He now seeks an award of an attorney's fee, court costs, and the assessment of a statutory penalty at the rate of $100.00 per week for twenty-eight weeks. Falco does not claim that the encumbrance on his property caused any special damages. Under the circumstances, this is not a proper case for an award of damages.
The request for attorney's fee, court costs, and statutory penalty is denied.
THIM, JUDGE